## No. 28,360.

RALPH HURST and HURST MAJORS, *Appellees,* v. THE WESTERN UNION TELEGRAPH COMPANY, *Appellant.*

(273 Pac. 418.)

Opinion filed January 12, 1929.

*Charles Blood Smith,* of Topeka, and *Francis R. Stark,* of New York, N. Y., for the appellant.

*Alvin R. Springer* and *Walter Reed Gage,* both of Manhattan, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiffs in three causes of action seek to recover damages sustained by them by reason of the defendant's failure to deliver telegraph messages to the plaintiffs in the language in which the messages were delivered to the defendant for transmission to the plaintiffs. Judgment was rendered in their favor on two causes of action, and the defendant appeals.

The answer of the defendant contained a general denial and an allegation that:

"The plaintiffs herein did not present to the defendant herein any claim in writing within sixty days after the messages were respectively filed with it for transmission."

The message delivered to the defendant for transmission to the plaintiffs provided that:

"The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within sixty days after the message is filed with the company for transmission."

The plaintiffs were engaged in the wholesale purchase and sale of eggs and poultry at Manhattan. The first cause of action was for damages sustained by reason of a mistake in the transmission of a telegram concerning a carload of eggs. The evidence disclosed that on August 11, 1924, the plaintiffs shipped to the Omaha Cold Storage Company at Omaha, Neb., a car containing 400 cases of eggs, 120 of which were of a low grade and 280 cases of which were high-grade eggs; that on August 11, 1924, the defendant delivered a telegraph message to the plaintiffs purporting to come from the Omaha Cold Storage Company, worded as follows:

"PFE sixteen three naught eight arrived nothing but junk cannot accept your letter ninth shows hundred twenty cases dirties and chex in car five thirteen six seven *three* hundred twenty cases are in car sixteen three naught eight advise disposition Salina car O. K."

The message delivered to the defendant for transmission to the plaintiffs was as follows:

"PFE sixteen three naught eight arrived nothing but junk cannot accept your letter ninth shows hundred twenty cases dirties and chex in car five thirteen six seven *these* hundred twenty cases are in car sixteen three naught eight advise disposition Salina car O. K."

There was evidence which tended to show loss and damage sustained by the plaintiffs in the amount of $314.40.

The defendant argues that the mistake in the message delivered was not the proximate cause of the damage to the plaintiffs. In response to that argument it may be said that the plaintiffs acted on the message as it was delivered to them; that they had the right to so act; and that such action resulted in loss to them. The defendant is liable to the plaintiffs for that loss as the reasonably anticipated, and probable consequence of the negligence of the defendant in transmitting the message.

2. The second cause of action was for damage sustained by reason of the wrongful transmission of a telegraph message concerning a carload of frozen dressed poultry shipped by the plaintiffs in November, 1924, to L. & G. Blanchard Co., in New York City. When that car of poultry reached that company it delivered to the defendant a telegraph message to be transmitted to the plaintiffs, as follows:

"WK New York NY Jan 20 1925

*Hurst and Majors, Manhattan, Kans.*

Three hundred sixteen boxes froze chickens and fowl *your* account because trouble had last week people refused buy sold all fancy turkeys thirty-eight to thirty-nine market very weak on ducks and geese trying move all in previous cars advise not buy any more duck or geese as quality very poor consider turkey market steady these prices but feel there will be break before Tuesday advise be careful our chicken and fowl market steady."

The message delivered by the defendant to the plaintiffs read as follows:

"New York NY Nov 20 1924

*Hurst and Majors, Manhattan, Kans.*

Three hundred sixteen boxes froze chickens and fowl *our* account because trouble had last week people refused buy sold all fancy turkeys thirty-eight to thirty-nine market very weak on ducks and geese trying move all in previous cars advise not buy any more ducks or geese as quality very poor consider turkey market steady these prices but feel there will be break before Tuesday advise be careful our chicken and fowl market steady."

There was evidence which tended to prove that by reason of the error in the transmission of the message, the plaintiffs understood that the poultry had been accepted by the L. & G. Blanchard Co., until a few days had elapsed, when the poultry was disposed of at the order of the plaintiffs, and that the plaintiffs sustained damage by reason thereof in the sum of $355.24, for which amount judgment was rendered in their favor.

The proposition urged by the defendant on the second cause of action is that the claim for damages was not presented within sixty

days after the message was filed with the company for transmission. We copy from the abstract of the evidence concerning the presentation of a claim for damages:

"On redirect examination by Mr. Springer Mr. Majors was handed a document which was introduced in evidence as 'Exhibit C'; which he testified was a carbon copy of a letter he sent to the Western Union on August 18, 1924, being a formal claim filed in connection with the error made in the message of August 11, 1924. (The one concerning the eggs.)"

Concerning the poultry the abstract discloses that Mr. Majors further testified:

"He did not do anything for a few days . . . that he did not discover that there was an error and the poultry not sold until he received a letter from Blanchard from which he learned that the word should be 'your' instead of 'our'; that this letter was received in due course of mail, which was the first notice he had that the poultry was being held as his property in New York; that he then took it up with Blanchard and Company and the Western Union to find out where the error was made; that he simply had them stored to his account, that he wrote a letter to the Western Union similar to the one read a short time ago, but had no copy of it."

There was substantial evidence to show that claim had been presented on the telegram relied on in the second cause of action.

The judgment is affirmed.